IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEDRICK LASHON WELLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:19-cv-590-WKW-JTA |
| | ) |
| MONTGOMERY COUNTY JAIL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this case, Plaintiff Dedrick Lashon Wells brings claims under the Americans with Disability Act and 42 U.S.C. § 1983 against Defendants Montgomery County Jail, Sheriff Derrick Cunningham, and two unknown law enforcement officers. (Doc. No. 51.) The defendants filed motions to dismiss. (Docs. No. 54, 64.) This action was referred to the undersigned for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to 28 U.S.C. § 636. (Doc. No. 73.)

On November 19, 2019, the court ordered, *inter alia*, the plaintiff to file a response to the defendants' motions to dismiss before December 30, 2019. (Doc. No. 71.) The plaintiff failed to file a response to the motions. On June 19, 2020, the court afforded the plaintiff another opportunity to respond to the defendants' motions by ordering him to show cause by July 3, 2020 as to why the defendants' motions should not be granted. (Doc. No. 74.) In said Order, the plaintiff was cautioned that his failure to comply with the court's

Order would result in a Recommendation by the undersigned that this case be dismissed for want of prosecution.  (*Id*.)

To date, the plaintiff has failed to respond to the court's June 19, 2020 Order.  (Doc. No. 74.)  The undersigned therefore concludes this case is due to be dismissed without prejudice.  *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).  The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).  This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket.").  "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice."  *Id*.

Accordingly, it is the RECOMMENDATION of the undersigned that this case be DISMISSED without prejudice for Plaintiff's failure to comply with the orders of the court and to prosecute this action.

It is further

ORDERED that **on or before July 29, 2020**, Plaintiff may file objections to this Recommendation.  Plaintiff must specifically identify the factual findings and legal

conclusions in the Recommendation to which the objection is made. Plaintiff is advised that frivolous, conclusive, or general objections to the Recommendation will not be considered. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of these legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 14th day of July, 2020.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE